UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jackson Mahaffy; Flora Mahaffy; Daniel Nelson; and Paul Von Arx, | Civil No. 10-2077 JMR/SRN |
| Plaintiffs, | **ANSWER OF DEFENDANT ROBERT J. KROLL** |
| v. | |
| Robert J. Kroll, individually, and Wallace M. Krueger, individually, | |
| Defendants. | |

---

For his Answer to Plaintiffs' Complaint, Defendant Robert J. Kroll answers as follows:

Except for those things expressly admitted herein, Kroll denies each and every allegation contained in Plaintiffs' Complaint.

1. With respect the allegations in Paragraph 1 of the complaint, states that the allegations are not susceptible to a responsive pleading. To the extent that paragraph 1 alleges or implies any liability on the part of Kroll, the allegations are denied.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, denies the allegations contained in Paragraph 2 and affirmatively asserts that Kroll was not "acting under color of state law."

3. Denies the allegations contained in paragraph 3 of the Complaint.

4. Upon information and belief, admits the allegations contained in paragraph 4 of the Complaint.

5. With respect to the allegations contained in paragraph 5 of the Complaint, admits that Flora Mahaffy is the sister of Jackson Mahaffy. Upon information and belief, admits the remaining allegations contained in paragraph 5 of the Complaint.

6. Upon information and belief, admits the allegations contained in paragraph 6 of the Complaint.

7. Upon information and belief, admits the allegations contained in paragraph 7 of the Complaint.

8. With respect to the allegations contained in paragraph 8 of the Complaint, admits that at the time of the incident, Defendant Kroll was a duly appointed peace officer employed by the City of Minneapolis with the rank of sergeant. Admits that Defendant Kroll is a citizen of the United States and a resident of the State of Minnesota. Admits that on the night of the incident, Defendant Kroll was off duty acting in his private capacity. Denies the remaining allegations contained in paragraph 8 of the Complaint.

9. With respect to the allegations contained in paragraph 8 of the Complaint, admits that at the time of the incident, Defendant Krueger was a duly appointed peace officer employed by the City of Minneapolis with the rank of sergeant. Admits that Defendant Krueger is a citizen of the United States and a resident of the State of Minnesota. Admits that on the night of the incident, Defendant Krueger was off duty acting in his private capacity. Denies the remaining allegations contained in paragraph 8 of the Complaint.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. With respect to the allegations contained in paragraph 12 of the Complaint, admits that Art-A-Whirl is an annual event taking place in May. Denies the remaining allegations contained in paragraph 11 of the Complaint.

13. With respect to the allegations contained in paragraph 13 of the Complaint, admits that Plaintiffs were attending Art-A-Whirl on May 14, 2004. Denies the remaining allegations contained in paragraph 13 of the Complaint.

14. With respect to the allegations contained in paragraph 14 of the Complaint, admits that at approximately 10 p.m. on May 14, 2004, Plaintiffs were in the vicinity of the Old Science Renovation building. Denies the remaining allegations contained in paragraph 14 of the Complaint.

15. With respect to the allegations contained in paragraph 15 of the Complaint, admits that at approximately 10 p.m. on May 14, 2004, J. Mahaffy was in the middle of Marshall Street N.E. Admits that at the same time, Defendants Kroll and Krueger, together with Krueger's wife Cheryl, were together in Krueger's personal vehicle traveling southbound on Marshall. Admits that Krueger was driving and that both Defendants were dressed in street clothes. Specifically denies that either Kroll or Krueger was acting in his capacity as a "sergeant" or under color of law.

16. With respect to the allegations contained in paragraph 16 of the Complaint, admits that after J. Mahaffy struck Krueger's vehicle, Krueger stopped the vehicle. Admits that Kroll and Krueger got out of the vehicle and approached J. Mahaffy. Denies the remaining allegations contained in paragraph 16 of the Complaint.

17. With respect to the allegations contained in paragraph 17 of the Complaint, admits that neither Kroll nor Krueger identified himself as a police officer. Denies the remaining allegations contained in paragraph 17 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, asserts that the statement/testimony of J. Mahaffy speaks for itself. To the extent that said statement /testimony deviates in any way from paragraph 18, it is denied.

19. With respect to the allegations contained in paragraph 19 of the Complaint, asserts that the statement/testimony of F. Mahaffy speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph19, it is denied.

20. With respect to the allegations contained in paragraph 20 of the Complaint, asserts that the statement of Britta Shernoch speaks for itself. To the extent that said statement deviates in any way from paragraph 20, it is denied.

21. With respect to the allegations contained in paragraph 21 of the Complaint, asserts that the statement of Zoe LeSout speaks for itself. To the extent that said statement deviates in any way from paragraph 21, it is denied.

22. With respect to the allegations contained in paragraph 22 of the Complaint, asserts that the statement/testimony of Paul Von Arx speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph 22, it is denied.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. With respect to the allegations contained in paragraph 24 of the Complaint, asserts that the statement/testimony of Eeris Fritz speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph 24, it is denied.

25. With respect to the allegations contained in paragraph 25 of the Complaint, asserts that the statement of Dylan Ryan speaks for itself. To the extent that said statement deviates in any way from paragraph 25, it is denied.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. With respect to the allegations contained in paragraph 29 of the Complaint, asserts that the statement/testimony of F. Mahaffy speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph 29, it is denied.

30. With respect to the allegations contained in paragraph 30 of the Complaint, asserts that the statement/testimony of Van Arx speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph 30, it is denied.

31. With respect to the allegations contained in paragraph 31 of the Complaint, asserts that the statement of Danica Walton speaks for itself. To the extent that said statement deviates in any way from paragraph 31, it is denied.

32. With respect to the allegations contained in paragraph 32 of the Complaint, asserts that the statement of Dylan Ryan speaks for itself. To the extent that said statement deviates in any way from paragraph 32, it is denied.

33. With respect to the allegations contained in paragraph 33 of the Complaint, asserts that the statement/ testimony of the witnesses, including Von Arx speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph 33, it is denied.

34. With respect to the allegations contained in paragraph 34 of the Complaint, asserts that the statement/testimony of Eeris Fritz speaks for itself. To the extent that said statement/testimony deviates in any way from paragraph 34, it is denied.

35. With respect to the allegations contained in paragraph 35 of the Complaint, admits that Doreen Johnson, who was in the vicinity in her vehicle, called 911 and provided an address. Denies the remaining allegations contained in paragraph 35 of the Complaint.

36. With respect to the allegations contained in paragraph 36 of the Complaint, admits that Defendant Kroll used his personal cellular phone to contact the Minneapolis Emergency Communications Center. Denies the remaining allegations contained in paragraph 36 of the Complaint.

37. With respect to the allegations contained in paragraph 37 of the Complaint, asserts that the testimony of witnesses speak for itself. To the extent that said testimony deviates in any way from paragraph 37, it is denied.

38. With respect to the allegations contained in paragraph 38 of the Complaint, asserts that the testimony of F. Mahaffy speaks for itself. To the extent that said testimony deviates in any way from paragraph 25, it is denied. Denies the remaining allegations contained in paragraph 38 of the Complaint.

39. With respect to the allegations contained in paragraph 39 of the Complaint, admits that uniformed Minneapolis police officers in marked squads arrived at the scene, including Officers Bennett, Hanson, Bishop, Campbell, Kurth and Kitzerow. Denies the remaining allegations contained in paragraph 39.

40 With respect to the allegations contained in paragraph 40 of the Complaint, admits that J. Mahaffy was handcuffed by uniformed officers. Denies the remaining allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. With respect to the allegations contained in paragraph 42 of the Complaint, asserts that the testimony of Von Arx speaks for itself. To the extent that said testimony deviates in any way from paragraph 42, it is denied.

43. With respect to the allegations contained in paragraph 45 of the Complaint, asserts that the statement of Danica speaks for itself. To the extent that said testimony deviates in any way from paragraph 43, it is denied.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. With respect to the allegations contained in paragraph 46 of the Complaint, asserts that the testimony of F. Mahaffy speaks for itself. To the extent that said testimony deviates in any way from paragraph 46, it is denied.

47. With respect to the allegations contained in paragraph 47 of the Complaint, asserts that the testimony of Dan Nelson speaks for itself. To the extent that said testimony deviates in any way from paragraph 47, it is denied.

48. With respect to the allegations contained in paragraph 48 of the Complaint, asserts that the statement of Britta Shernoch speaks for itself. To the extent that said statement deviates in any way from paragraph 48, it is denied.

49. With respect to the allegations contained in paragraph 49 of the Complaint, asserts that the testimony of Danica Walton speaks for itself. To the extent that said testimony deviates in any way from paragraph 49, it is denied.

50. With respect to the allegations contained in paragraph 50, admits that J. Mahaffy was arrested by uniformed Minneapolis police officers. Denies the remaining allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. With respect to the allegations contained in paragraph 52 of the Complaint, asserts that the testimony of "Witness Rolfe" speaks for itself. To the extent that said testimony deviates in any way from paragraph 52, it is denied.

53. With respect to the allegations contained in paragraph 53 of the Complaint, asserts that the testimony of Doreen Johnson speaks for itself. To the extent that said testimony deviates in any way from paragraph 53, it is denied.

54. With respect to the allegations contained in paragraph 54 of the Complaint, asserts that the statement of Peter Thomas speaks for itself. To the extent that said statement deviates in any way from paragraph 54, it is denied.

55. With respect to the allegations contained in paragraph 55 of the Complaint, asserts that the statement of Dylan Ryan speaks for itself. To the extent that said statement deviates in any way from paragraph 55, it is denied.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Admits the allegations contained in paragraph 58 of the Complaint.

59. Admits the allegations contained in paragraph 59 of the Complaint.

60. Admits the allegations contained in paragraph 60 of the Complaint.

61. Admits the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

67. With respect to the allegations contained in paragraph 67 of the Complaint, admits that both Kroll and Krueger received discipline, which both have grieved pursuant to the provisions of the collective bargaining agreement between the City of Minneapolis and their union. Denies that either Kroll or Krueger was demoted as a result of this incident.

68. In response to Paragraph 68 of the Complaint, restates and incorporates by reference each and every response/answer he previously asserted in Paragraphs 1 through 67 of this Answer.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in the entirety of paragraph 71, including all bulleted points, of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. With respect the allegations in Paragraph 76 of the Complaint, states that the allegations are not susceptible to a responsive pleading.  To the extent that paragraph 76 alleges or implies any liability on the part of Kroll, the allegations are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

3. Plaintiffs' claims against Defendants Kroll and Krueger are brought for an improper purpose and to harass these defendants.

4. The actions of which Plaintiffs complain are of their own doing or are the actions of someone over whom Defendants have no control.

*SIGNATURE PAGE FOLLOWS*

Date:  June 8, 2010                                           RICE, MICHELS & WALTHER, LLP


                                                                         s/ Karin E. Peterson
                                                                         Karin E. Peterson (#185048)
                                                                          Ann E. Walther (Atty. #21369X)
                                                                          10 Second Street NE, Suite 206
                                                                          Minneapolis, MN 55413
                                                                          (612) 676-2300

                                                                         ATTORNEYS FOR DEFENDANTS